FILED
2017 Oct-10 AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **DR. EDWARD L. JONES** | ) |
| | ) |
| Plaintiff, | ) Case No.: **5:17-cv-_____** |
| vs. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| **ALABAMA A&M UNIVERSITY.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a Complaint for legal and equitable relief to redress violations by Defendant of the Plaintiff's rights secured by:

    (a) Title VII of the Civil Rights Act of 1964, as amended, 1991, Title 42 U.S.C. Section 2000e, et seq.

    (b) Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a to correct unlawful employment practices on the base of sexual orientation.

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331; and 1343 (3), this being an action seeking redress from deprivation of rights secured to Plaintiff pursuant to the laws of the United States of America. Venue is appropriate pursuant to Title 28 U.S.C. § 1391(b). The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## THE PARTIES

3. Plaintiff, Dr. Edward L. Jones, is above the age of nineteen (19) years and is a citizen of the United States of America and of the State of Alabama. Plaintiff is a resident of this judicial district and division. At all times material hereto, Plaintiff served as tenured professor of Alabama A&M University and also served in an administrative position as Director of Teacher Certification in the College of Education, Humanities and Behavioral Sciences. Accordingly, there existed an employer-employee relationship for purposes of Title VII jurisdiction.

## NATURE OF ACTION

4. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission. The agency of the United States of America charged with the administration, interpretation and enforcement of Title VII ("EEOC"). The EEOC issued to Jones a Right to Sue Letter dated, on or about July 12, 2017. Plaintiff Jones brings this action of unlawful employment practices, in violation of Title VII of the of the Civil Rights Act of 1964, as amended 1991, Title 42 U.S.C. Section 2000e, et seq..

5. Plaintiff avers that at all times material hereto, that Defendant has been a public educational institution in the State of Alabama and has continuously had at least fifteen (15) employees. Plaintiff avers that at all times relevant hereto, there existed an employer-employee relationship between Plaintiff and Defendant.

6. Defendant has engaged in unlawful employment practices on its campus located in Huntsville, Alabama, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(2). These practices include, but are not limited to, subjecting Plaintiff to different terms and conditions of

employment and segregation in job assignments and promotions because of what Defendant claims to know about Plaintiff's sexual orientation.

7. Since at least December 29, 2010, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). These practices include, but are not limited to, subjecting Plaintiff to retaliation after Plaintiff complained of certain irregularities within the College of Education generally, and within other parts of the University and its administration, all of which such complaints were levied by Plaintiff in good faith, without malice or malicious intent, and in furtherance of the rights, obligations, privileges, responsibilities and entitlements conferred upon Plaintiff by the position Plaintiff held at the University and in furtherance of Plaintiff's job responsibilities. See **Exhibit A** attached hereto and by this reference made a part hereof.

8. The effect of the practices complained of in paragraphs 6 and 7 above and otherwise in this Complaint has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect Plaintiff's status as an employee of the University because of his sexual orientation.

9. The unlawful employment practices complained of in paragraphs 6 and 7 above and otherwise in this Complaint were intentional.

10. The unlawful employment practices complained of by Plaintiff in paragraphs 6 and 7 above and otherwise in this Complaint were executed with malice aforethought and/or with reckless indifference to the federally protected rights of Plaintiff.

11. This is an action to redress grievances resulting from acts of discrimination and retaliation by Defendant, its agents, servants, and employees with respect to Plaintiff's employment. Plaintiff seeks to redress grievances resulting from unlawful acts of Defendant in violation of applicable federal laws as provided above.

**ALLEGATIONS OF FACT**

12. At all times material hereto, Plaintiff avers that he was employed with Alabama A&M University as a tenured professor and also served in an administrative position as Director of Teacher Certification in the College of Education.  By letter dated October 13, 2015, from Dr. Daniel K. Wims,  Provost and Vice-President for Academic Affairs and Interim Vice-President for Institutional Planning, Research and Effectiveness, Alabama A&M University, Plaintiff was advised that "[a]s of today, October 13, 2015, per the recommendation of your immediate supervisor, you are being placed on paid administrative leave from your duties with the University as Director, Teacher Education and Certification with the College of Education, Humanities, and Behavioral Sciences". Dr. Wims' letter went on to further represent the following:

> "You are being placed on paid administrative leave due to serious concerns raised by the Alabama State Department of Education (ALSDE) as to the sufficiency of our administrative processes along with other administrative compliance issues identified by your immediate supervisor.  Please note that this is not a disciplinary measure.  You will remain in paid status, and your benefits and accruals will not be affected at this time.  We are assessing the situation, however, and based on the outcome of the assessment, disciplinary measures may be imposed at some future date and may be applied retroactively to this paid administrative leave."

Of paramount importance, Plaintiff directs the Court's attention to the fact that the aforementioned letter failed to identify what those "*serious concerns*" were. **Emphasis added.**  Moreover, there was no representation that Plaintiff had engaged in sexual misconduct or that the actions of the Defendant for placement of the Plaintiff  "on paid administrative leave" were for sexual misconduct on the part of Plaintiff.  Indeed, Plaintiff met with Dean of the College of Education, Dr. Curtis Martin ("Dr. Martin"), who indicated specifically that he "did not know what this was about" and that the Plaintiff would "probably be back in just a few days".

13. Plaintiff avers that on October 13, 2015, Plaintiff left his office around 3:30 p.m. and subsequently received a telephone call from an assistant in Plaintiff's office, who indicated that Alabama A&M University's Chief Information Officer and others, including a locksmith, were at

Plaintiff's office to take Plaintiff's computer and change the locks on the door.  Plaintiff was advised that Dr. Martin wanted to meet with him and his staff on October 14, 2015.  Plaintiff avers that he sought legal counsel and when his attorney contacted counsel for the University, he was advised that the administrative leave was because Dr. Jones "was a threat to the College of Education's accreditation".

      14.    Plaintiff thinks that it is imperative that the Court's attention be directed to another very important fact, namely that by letter dated January 14, 2016, Dr. Wims advised Plaintiff as follows:

> "In accordance with the Alabama A&M University Faculty Handbook (2011), the Office of the Provost hereby gives you notice of its intent to terminate your employment as a tenured Assistant Professor in the Department of Educational Leadership and Secondary Education and to recommend the same to the President of the University. The cause for termination is gross professional misconduct.  ***You are charged with both using University resources to view obscene material and the production and/or creation of obscene materials.***  The behaviors which are the basis of these charges occurred on university property and during duty hours."

***Emphasis added.***  The letter went on further to state that "[a]s a tenured faculty, you have certain rights which you will find outlined in sections 6.2.2.1 and 6.5 of the aforementioned Handbook."  A reading of section 6.2.21(d) of the Faculty Handbook specifically provides that "The Grievance Hearing Committee shall consider *only* the official charge(s) as stated in the "Intent to Terminate Letter".  ***Emphasis added.***  Plaintiff avers that he did not produce, view or download obscene materials onto or with University-owned computers and/or equipment.  That is the sole issue that should have been before the Grievance Committee.  Nothing more!  Had that been the sole issue placed before the Grievance Committee for consideration of whether Plaintiff's termination was warranted, Plaintiff would have appeared before the committee and confronted his accusers and presented a meaningful defense.  However, Alabama A&M University and those acting on its behalf, including its legal counsel, refused to even provide Plaintiff with full access to the "computer

equipment" that he allegedly used to engage in conduct warranting his termination, so that he could conduct a forensic review in furtherance of his defense before the Grievance Committee. Said "computer equipment" is germane to Plaintiff's contesting his termination. Plaintiff avers that Defendant's action deprived him of his right to due process and, has made it impossible for Plaintiff to seek redress under the Faculty Grievance Hearing process as is guaranteed by the Faculty Handbook. Indeed, the plaintiff avers that he invoked his right to appeal, file a grievance or otherwise contest his termination by correspondence dated February 3, 2016. Plaintiff avers that notwithstanding his being "placed on paid administrative leave due to serious concerns raised by the Alabama State Department of Education (ALSDE), as to the sufficiency of our administrative processes along with other administrative compliance issues identified by [his] immediate supervisor," there has been no inquiry or investigation by the University germane to said allegations.

15. Plaintiff avers that on March 10, 2016, he was terminated from his employment with Alabama A&M University.

16. Plaintiff avers that he was not terminated for incompetence in the execution of his job duties and responsibilities. Indeed, he was not terminated for the reasons initially articulated by the University for placing him "on paid administrative leave." He was not terminated for criminal conduct, allegedly theft of property for which the Defendant's Police Department arrested him on March 10, 2016. To the contrary, Defendant alleged that Plaintiff was wrongfully terminated for "sexual misconduct."

17. Plaintiff avers that his termination was for his sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff further avers that Defendant's articulated reasons are a pretext for unlawful employment discrimination.

18. Plaintiff submits that members of the Alabama A&M University Police Department ("Campus Police"), unlawfully searched and seized certain items of Plaintiff's personal property from Plaintiff's home using the pretense that Plaintiff had stolen University property, namely cash.

Among said property seized by the Campus Police were, old video tapes/recordings, an old personal Apple iPhone 4 that was located in Plaintiff's bedroom dresser drawer, and an old, non-working University-issued laptop located in Plaintiff's closet.  In addition, the Campus Police seized other computer effects, namely personal property belonging to Plaintiff from his off-campus business office, including personal thumb drives and Plaintiff's personal and business laptops.  Additionally, the search and seizure performed on Plaintiff's residence and off-campus office was conducted by Campus Police; such Campus Police do not have jurisdiction to perform actions, including searches and seizures, off of the University campus, unless such Campus Police are accompanied by City of Huntsville Police Officers. They were not.  The Campus Police also violated Plaintiff's federally protected rights by roughing him-up, restraining him needlessly, and directed offensive curse terms at Plaintiff.  In sum, Plaintiff avers that the search and seizure was illegal as to both scope and execution.

19. By letter dated March 10, 2016 and memorandum dated March 10, 2016, Dr. Wims, issued the Plaintiff a "notice of termination":

> The Office of provost hereby recommends that the
> University immediately terminate the employment of
> Dr. Edward Jones, a tenured faculty in the Department
> of Educational Leadership and Secondary Education".

In his letter, also dated March 10, 2016, Dr. Wims represented that

> "The President has reviewed such recommendation and
> supporting documentation and approved your termination."

By email correspondence dated March 10, 2016, Andrew Hugine, President of Alabama A&M University represented to Dr. Wims:

> "I have reviewed your recommendation and approve
> the proposed action to terminate Dr. Edward Jones
> employment from Alabama A&M University effective immediately."

Plaintiff avers that these University officials have acted in contravention of the University's Faculty Handbook, in violation of the University's policies and procedures.   Plaintiff avers that the

Defendant's "Notice of Intent to Terminate" and "Notice of Termination" are inconsistent with Alabama A&M University's Faculty Handbook relative to its policy and procedure for termination of a tenured employee such as the plaintiff. It is also a violation of Defendant's own policy and procedures as mandated by the Alabama A&M University's Faculty Handbook.

20. Plaintiff avers that he is being subjected to irreparable harm and damages. Plaintiff contends that the actions of Defendant have subjected him to unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff submits that his termination for sexual misconduct is code word for discriminating against him on the basis of his presumed sexual orientation.

21. Plaintiff avers that Defendant's articulated legitimate nondiscriminatory reason offered for his termination, allegedly that Plaintiff engaged in "sexual misconduct," is a sham. Of paramount importance, Plaintiff avers that he is being treated differently than others particularly on the campus of Alabama A&M University, who have actually had charges of sexual misconduct filed against them, yet they have not been terminated. Plaintiff avers that he has first hand knowledge from having served on Grievance Committees at the university for those against whom sexual misconduct charges have been filed. Those University employees have not been fired from the university. At best, they have only been subjected to a reprimand. Indeed, Plaintiff submits that it is common knowledge that Provost Daniel Wims, who at all times material hereto has assumed the "moral high ground" in his comments to the press and in taking adverse action against Plaintiff, has had several sexual misconduct charges filed against him, but he has been protected by the University's administration, including, but not limited to President Andrew Hugine. Similarly, Kevin Rolle, the University's then-current Chief Operating Officer, (COO) had been indicted by a grand jury for theft of property, after an audit of the university was conducted. During the entire pendency of the State's case against Kevin Rolle, the University did not terminate Kevin Rolle; rather the University supported him by attending status calls with him. Moreover, Kevin Rolle was

placed on administrative leave *with pay* during the nearly two (2) year period that he awaited trial. Kevin Rolle enjoyed the full support of Defendant President Hugine. Mr. Rolle entered into a plea agreement with the State of Alabama in the Circuit Court of Madison County, Alabama, and received parole; but he was never formally terminated by the University.

## FEDERAL CAUSE OF ACTION

### *Employment Discrimination and Retaliation, Title VII*

22. Relative to the acts of discrimination of which the Plaintiff complains, he avers that as a condition precedent to the filing of this complaint with this Court, Plaintiff filed a charge of discrimination with the EEOC alleging employment discrimination against Plaintiff by Defendant. Plaintiff avers that he has exhausted all administrative remedies with the EEOC alleging violations by Defendant of Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, as amended, 1991 Title 42 U.S.C. Section 2000, et seq. Plaintiff avers that as mentioned above, the EEOC and/or the United States Department of Justice has issued a Notice of Right to Sue entitling him to institute a civil action in an appropriate United States District Court within ninety (90) days of the issuance of the same, pursuant to which Plaintiff has brought this action. Plaintiff submits that he has filed this civil action in a timely manner.

23. Plaintiff avers that Defendant has subjected him to unlawful employment discrimination, disparate treatment and malicious retaliation because of his sexual orientation and that said treatment by the Defendant has affected the terms and conditions of Plaintiff's employment.

24. Plaintiff avers that he has suffered economic as well as non-economic damages, including, but not limited to, embarrassment, public humiliation, mental distress and emotional anguish as a consequence of Defendant's discriminatory and unlawful conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sexual orientation and/or retaliation;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sexual orientation, and which eradicate the effects of its past and present unlawful practices;

C. Order Defendant to make whole Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including, but not limited to, rightful place reinstatement;

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6 and 7 above, in amounts to be determined at trial;

E. Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 6 and 7 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraphs 6 and 7 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Order Defendant to pay any and all reasonable attorneys' fees and expenses, and accountants' fees and expenses, and court costs incurred by Plaintiff in the execution of this and

other claims against Defendant

**PLAINTIFF DEMANDS A JURY TRIAL.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

Respectfully submitted,

 /s/ *Amardo Wesley Pitters*
**Amardo Wesley Pitters, Esquire**
**One of the Attorneys for the Plaintiff**
**Attorney Bar Code:  ASB-8998-T64A**


 /s/ *Stanley B. Stallworth*
**Stanley B. Stallworth, Esquire**
**One of the Attorneys for the Plaintiff**
**Attorney Alabama State Bar ID: 3671W76S**
**Attorney Bar Code: STA047**

**OF COUNSEL:**

*A. WESLEY PITTERS, P.C.*
**1145 South Perry Street (36104)**
**Post Office Box 1973**
**Montgomery, Alabama 36102**
**Telephone: (334) 265-3333**
**Telecopier: (334) 265-3411**
**Email: awpitters@pitterslawfirm.com**

**Co-Counsel for Plaintiff**
**Stanley B. Stallworth, Esquire**
**The Stallworth Legal Group, LLC**
**303 Bruner Avenue**
**Evergreen, Alabama 35762**
**Telephone:  312.852.9669**
**Email:  sbstallworth@gmail.com**
**Attorney Bar Code:  STA047**

**EXHIBIT A**
**COPY OF PLAINTIFF'S LETTER OF CONCERN TO BOARD OF TRUSTEES**
**[EXHIBIT A FOLLOWS THIS PAGE.]**