FILED

2023 Nov-06 PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Dr. EDWARD L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) **Case No.: 5:17-cv-01723-MHH** |
| | ) |
| THE BOARD OF TRUSTEES FOR | ) |
| ALABAMA AGRICULTURAL & | ) |
| MECHANICAL UNIVERSITY, | ) |
| d/b/a ALABAMA A&M | ) |
| UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

The undersigned Special Master offers this Report and Recommendation to the Court regarding the Plaintiff's pending Motion for Protective Order relating to his deposition scheduled for October 31, 2023.[2]  The Special Master conducted a Zoom conference with the parties on Wednesday, October 25, 2023, after being informed by them that a dispute had arisen concerning the scheduling of the Plaintiff's deposition on "October 30 or 31."  During the conference it was

---

[2] By order dated January 23, 2023, (Doc. 101), the court appointed the undersigned to act as a Special Master with respect to discovery issues in this case, specifically directing that "[t]he Special Master shall oversee discovery in this matter and make recommendations to the Court for the resolution of disputes between the parties with respect to discovery, …" *Id.* ¶ 2.

represented that the Plaintiff, Dr. Jones, no longer lived in Alabama and could not arrange to travel to Huntsville for the deposition due to "financial hardship."  Dr. Jones's counsel proposed rescheduling his deposition to the week of Thanksgiving or Tuesday, November 28, when he would be in Huntsville on personal matters. While the undersigned reminded the parties that, as Special Master, he had no decisional authority to order Dr. Jones to appear for the deposition, the Special Master told counsel that he believed Dr. Jones should appear on October 31 and that he was prepared to make that recommendation to the Court.  He further directed counsel that if it was impossible for Dr. Jones to appear on that date, counsel should notify the Special Master by email not later than noon on Friday, October 27, to enable the Special Master to have time to prepare and file a Report and Recommendation concerning the matter.  The Special Master received an email from Dr. Jones's counsel at approximately 4:04 pm on October 27, stating that Dr. Jones could not appear for his deposition on October 31.  In the email it was contended that Dr. Jones had never agreed to be deposed on October 31 and that financial hardship precluded him from arranging transportation to Huntsville until the week of Thanksgiving.

In the current Motion for Protective Order, filed October 30, the Plaintiff seeks relief from the taking of his deposition in Huntsville on October 31, arguing that (1) notice of the scheduled deposition was not reasonable, (2) financial hardship

prevented Dr. Jones from traveling to Huntsville for the taking of the deposition, and (3) the deposition schedule constitutes harassment of Dr. Jones.  The Special Master believes these grounds are without sufficient merit to warrant relief and, thus, he RECOMMENDS that the motion be denied.

I.     Reasonableness of Notice

*Federal Rule of Civil Procedure* 30(b)(1) provides the procedure by which any party to litigation may request an oral deposition of any person.  There must be "reasonable written notice" of the "time and place" for the taking of the deposition and "if known, the deponent's name and address."  In the instant case, the parties had been negotiating a deposition schedule for several months, beginning as early as 2022.  On October 10, 2023, defense counsel sent a letter (and email) to Dr. Jones's counsel outlining dates for several depositions, not only of the plaintiff but also for several witnesses the Plaintiff wished to depose.  Notably, the letter set Dr. Jones's deposition for "October 30th or 31st."  Other than the ambiguity about which of the two days was acceptable to Dr. Jones, there was no contingency or uncertainty about the taking of the deposition during that timeframe.  It was clear from the context of the discussions of the parties that these depositions would be held in Huntsville, where the litigation is pending.

This notice was sufficient to comply with Rule 30(b)(1), which does not require some particular formality other than the three requirements outlines above.

The letter, read in the context of the months-long discussions by the parties, clearly notified Dr. Jones (identified as "Plaintiff") that his deposition would be taken in Huntsville on one of the two days (at his choice) specified. The letter gave Dr. Jones twenty to twenty-one days advanced notice of the deposition. Hearing nothing from Dr. Jones, defense counsel asked Dr. Jones's counsel on October 16 (still fifteen or sixteen days prior to the proposed dates) which of the dates would work for him. Dr. Jones's counsel responded only by asking whether the deposition would be taken in person or by remote means, not indicating any objection or problem with either date. It was not until October 18 that Dr. Jones first declared that he no longer lives in Alabama (he lives in Georgia) and asked whether the defendants could accommodate moving the deposition to the "week of Thanksgiving," when Dr. Jones planned to be in Huntsville on personal matters. Defendants rejected that request on October 22, leading to the Zoom conference with the Special Master on October 25.

This chronology of events shows not only that the notice of Dr. Jones's deposition was reasonable under Rule 30(b)(1), but it also cannot be characterized as harassment of him. Discussions concerning depositions had been ongoing for months; indeed, Dr. Jones's counsel had been pressing for a proposed schedule for depositions to begin. The letter of October 10 met everyone's expectation that depositions would be scheduled to commence. Although Dr. Jones asserts that he never agreed to the proposed dates in the letter, and it is true that there is no writing

indicating agreement, the exchange of communications and requests for "deposition dates" make clear that both parties were in agreement that depositions needed to be scheduled as soon as possible.  In any event, because the letter of October 10 meets the requirements of Rule 30(b)(1) as a "reasonable written notice," agreement by Dr. Jones was unnecessary to set the date.

Dr. Jones contends that the October 10 letter was not a notice of deposition but only a proposal of dates, as indicated by the fact that the dates of some depositions in the letter were "tentative" or "unconfirmed."  While some dates for other depositions were still up in the air, that is not true of Dr. Jones's deposition or other depositions he sought.  The dates of October 30 or 31 for Dr. Jones were not marked or indicated to be tentative or unconfirmed.  Indeed, the dates for several depositions sought by Dr. Jones, such as Melva Tate, Brian Ruble, and Gary Crosby, were also listed without any tentativeness or lack of clarity.  Dr. Jones did not object to any of these dates and, in fact, continues to insist on them for the witnesses he wishes to depose.  These dates were fairly arrived at until Dr. Jones claimed he could not travel to Huntsville.

During the Zoom conference, the Special Master rejected the assertion that Dr. Jones's deposition should be postponed until Thanksgiving or after and that other depositions proceed.  Discovery in this case has been ongoing for months and the parties have been working in good faith to get it completed.  Delaying Dr. Jones's

deposition until Thanksgiving or later would unduly waste a month of discovery time leading into the holidays, which themselves cause more time delays. Without Dr. Jones's deposition being completed as soon as possible, it would be very difficult to schedule other depositions before the winter holidays make scheduling doubly complex. Although Rule 26(d)(3) does not provide that discovery must proceed in any necessary sequence, the practical convention is for the plaintiff's deposition to be taken first. This is because the plaintiff has the burden of proof and of articulating his claims. Defendants do not truly know what they are called upon to defend until the plaintiff makes his claims clear in deposition testimony. Efficiency dictates that the plaintiff testify first to the factual nature of his claims, clarifying what conduct by the defendants he claims violated his legal rights, to which the defendants can then respond. The postponement of Dr. Jones's deposition for nearly a month threatened (and still threatens) to cause a significant delay in the completion of discovery by April. It is not unfair or "harassment" that defendants sought his deposition on October 31.

II.   <u>Financial Hardship</u>

Finally, Dr. Jones claims simply that he cannot afford to travel to Huntsville for his deposition. The Special Master is unaware of any instance when this was raised in any discussions leading to the October 10 letter. There is no indication in the record that Dr. Jones made his financial situation relevant to the setting of his

deposition.   Although there is undeniable expense involved in traveling from Georgia to Alabama, such a problem could have been raised earlier in the discussions and other arrangements could have been explored.  It was not.  Dr. Jones chose the forum for his lawsuit and it is not unreasonable for the defendants, who are located in the forum, to insist that his deposition take place there as well.  Civil litigants have necessary obligations they must bear arising from their litigation, and one of those obligations is to provide discovery, even if that requires an expenditure of time, money, and inconvenience.   Parties frequently complain about the expense of discovery, yet that expense usually is accepted as an unavoidable part of the process of litigation.  It is a common practice for counsel to advance such expenses for indigent litigants in truly serious litigation. Traveling from Georgia to Huntsville, Alabama, is not so burdensome or expensive that it can be a basis for relieving a party of the duty to provide deposition testimony.  On October 25, the Special Master believed that arrangements could be made for the Plaintiff to travel for *one day* from Georgia to Huntsville for his deposition.

Conclusion

For these reasons that Special Master RECOMMENDS that the plaintiff's Motion for Protective Order be DENIED.

Any party may file objections to this Recommendation for review by the District Judge of the legal and factual conclusions reached herein.

The Clerk is REQUESTED to deliver a copy of the foregoing to counsel for all parties in this matter by means of the electronic case filing system.

SIGNED and FILED this 1st day of November, 2023.


/s/  Terry Michael Putnam
TERRY MICHAEL PUTNAM
3518 South Brookwood Road
Birmingham, AL 35223
(205) 837-2058
Tmputnam79@gmail.com


CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned hereby certifies under penalty of perjury that I have emailed a copy of the foregoing to counsel of record for all parties in this action on this 1st day of November, 2023.

/s/  Terry Michael Putnam